O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN ELIZABETH SEWASKY, | ) NO. EDCV 12-01961-MAN |
| Plaintiff, | ) |
| | ) MEMORANDUM OPINION |
| v. | ) AND ORDER |
| CAROLYN W. COLVIN,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

Plaintiff filed a Complaint on November 19, 2012, seeking review of the denial of plaintiff's application for a period of disability and disability insurance benefits ("DIB"). On December 18, 2012, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge. The parties filed a Joint Stipulation on July 24, 2013, in which: plaintiff seeks an order reversing the Commissioner's decision and remanding this case for the payment of benefits or, alternatively, for further administrative proceedings; and the Commissioner requests that her decision be affirmed or, alternatively, remanded for further administrative proceedings. The Court has taken the parties' Joint Stipulation under submission

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013, and is substituted in place of former Commissioner Michael J. Astrue as the defendant in this action. (*See* Fed. R. Civ. P. 25(d).)

without oral argument.

## SUMMARY OF ADMINISTRATIVE PROCEEDINGS

Plaintiff filed an application for a period of disability and DIB on May 7, 2009. (Administrative Record ("A.R.") 55.)[2] Plaintiff, who was born on August 4, 1966 (A.R. 61),[3] claims to have been disabled since April 4, 2009, due to mood disorder, bipolar disorder, depression, and polysubstance abuse in remission (A.R. 57). Plaintiff has past relevant work experience as an "inside sales trainer" and "telephone solicitor." (A.R. 60.)

After the Commissioner denied plaintiff's claim initially, plaintiff requested a hearing. (A.R. 55.) On January 26, 2011, plaintiff, who was represented by counsel, appeared and testified at a hearing before Administrative Law Judge Tamara Turner-Jones (the "ALJ"). (*Id.*) Vocational expert Corrine J. Porter also testified. (*Id.*) On February 17, 2011, the ALJ denied plaintiff's claim (A.R. 55-62), and the Appeals Council subsequently denied plaintiff's request for review of the ALJ's decision (A.R. 1-3). That decision is now at issue in this action.

## SUMMARY OF ADMINISTRATIVE DECISION

In her February 17, 2011 decision, the ALJ found that plaintiff met the insured status requirements of the Social Security Act through December 31, 2010, and plaintiff had not engaged in substantial gainful activity from April 4, 2009, the alleged onset date of her disability, through

---

[2] As noted by the ALJ in her decision, plaintiff "previously filed an application for a period of disability and [DIB] on April 6, 2007 that was denied at the initial and reconsideration levels and in an administrative law judge decision dated April 3, 2009." (A.R. 55.) The ALJ further noted that, "[t]hat decision is administratively final and is not reopened or revised by [plaintiff]'s current application or this decision." (*Id.*)

[3] On the alleged disability onset date, plaintiff was 44 years old, which is defined as a "younger individual." (A.R. 61; citing 20 C.F.R. § 404.1563.)

2

December 31, 2010, her date last insured. (A.R. 57.) The ALJ determined that plaintiff has the severe impairments of mood disorder, bipolar disorder, depression, and polysubstance abuse in remission. (*Id.*) The ALJ concluded, however, that "[t]hrough the date last insured, [plaintiff] did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR [§§] 404.1520(d), 404.1525 and 404.1526 )." (*Id.*)

After reviewing the record, the ALJ determined that through the date last insured, plaintiff had the residual functional capacity ("RFC") to perform "a full range of work at all exertional levels, but mentally, [plaintiff] could perform simple, routine, repetitive entry level work that was minimally stressful, required no contact with the general public and only superficial interpersonal contact with co-workers and supervisors." (A.R. 58.) In making this finding, the ALJ considered the subjective symptom testimony of plaintiff, which the ALJ found was not entirely credible. (A.R. 60.) The ALJ also considered the medical opinions of record in determining plaintiff's RFC. (*Id.*) The ALJ did not give controlling weight to the opinion of plaintiff's treating psychiatrist, Sean Faire, M.D., because it was "solicited by [plaintiff]'s representative" and "inconsistent with and not supported by the treatment records." (*Id.*) Instead, the ALJ gave "great weight" to the opinion of the State agency physician who found, after reviewing the medical evidence of record, that plaintiff was capable of performing simple repetitive tasks in a non-public work setting. (*Id.*)

Based on plaintiff's age, education,[4] work experience, and RFC, as well as the testimony of the vocational expert, the ALJ determined that plaintiff could not return to her past relevant work, but plaintiff could perform "jobs that existed in significant numbers in the national economy," including those of industrial cleaner, hand packager, and mail clerk (non-government) through her date last insured. (A.R. 61.) Accordingly, the ALJ concluded that plaintiff "was not

---

[4] The ALJ determined that plaintiff "has at least a high school education and is able to communicate in English." (A.R. 61.)

3

under a disability, as defined in the Social Security Act, at any time from April 4, 2009, the alleged onset date, through December 31, 2010, the date last insured. (A.R. 62.)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citation omitted). The "evidence must be more than a mere scintilla but not necessarily a preponderance." Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this Court cannot substitute its discretion for that of the Commissioner, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Sec'y of Health and Hum. Servs., 846 F.2d 573, 576 (9th Cir. 1988); *see also* Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn, 495 F.3d at 630; *see also* Connett, 340 F.3d at 874. The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential

4

to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Comm'r, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch, 400 F.3d at 679.

## DISCUSSION

Plaintiff asserts three sources of error. (Joint Stipulation ("Joint Stip.") at 3.) First, plaintiff claims that the ALJ failed to properly consider the opinion of her treating psychiatrist, Sean Faire. Second, plaintiff claims that the ALJ failed to consider properly the lay witness testimony of her friend, Mary Kathleen Downs. Lastly, plaintiff claims that the ALJ failed to properly assess her subjective symptom testimony.

### I.   The ALJ Failed To Give Specific And Legitimate Reasons For Rejecting The Opinion Of Plaintiff's Treating Physician.

An ALJ is obligated to take into account all medical opinions of record. 20 C.F.R. § 404.1507(d). It is the responsibility of the ALJ to resolve conflicts in medical testimony and analyze evidence. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). In the hierarchy of physician opinions considered in assessing a social security claim, "[g]enerally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001); see 20 C.F.R. § 404.1527(d).

The opinions of treating physicians are entitled to the greatest weight, because the treating physician is hired to cure and has a better opportunity to know and observe the claimant. Magallanes, 881 F.2d at 751. When a treating or examining physician's opinion is not contradicted by another physician, it may be rejected only for "clear and convincing" reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). When contradicted by another doctor, a

treating or examining physician's opinion may only be rejected if the ALJ provides "specific and legitimate" reasons supported by substantial evidence in the record. *Id.*; *see also* Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008); Orn, 495 F.3d at 632.

On September 30, 2010, plaintiff's treating psychiatrist, Sean Faire, M.D., completed a medical assessment regarding plaintiff's mental ability to perform work-related activities. (A.R. 247-48.) Dr. Faire opined that plaintiff is seriously limited, but not precluded from: making simple work-related decisions; performing at a consistent pace without an unreasonable number and length of rest periods; being aware of normal hazards and taking appropriate precautions; and maintaining socially appropriate behavior. (*Id.*) He also opined that plaintiff is unable to meet competitive standards in: remembering work-like procedures; understanding and remembering very short and simple instructions; maintaining attention for two hour segments; maintaining regular attendance and being punctual within customary, usually strict tolerances; working in coordination with or proximity to others without being unduly distracted; completing a normal workweek without interruptions from psychologically based symptoms; accepting instructions and responding appropriately to criticism from supervisors; asking simple questions or requesting assistance; responding appropriately to changes in a routine work setting; understanding and remembering detailed instructions; setting realistic goals or making plans independently of others; dealing with stress of semiskilled and skilled work; interacting appropriately with the general public; adhering to basic standards of neatness and cleanliness; traveling to unfamiliar places; and using public transportation. (*Id.*) Dr. Faire further opined that plaintiff would have "no useful ability" to function with respect to: maintaining attention for two hour segments; sustaining an ordinary routine without special supervision; getting along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes; dealing with normal work stress; and carrying out detailed instructions. (*Id.*) Additionally, Dr. Faire noted that: plaintiff has extreme mood swings, poor concentration, and limited ability to understand simple directions; plaintiff is paranoid; plaintiff's medication is not yet "stabilized"; and his prognosis for plaintiff is "guarded." (A.R. 248.) Dr. Faire opined that plaintiff would be absent

more than four days per month as a result of her impairments and/or treatment.  (*Id.*)

On January 24, 2011, Dr. Faire completed a Short-Form Evaluation for Mental Disability. (A.R. 250-53.)  In that form, Dr. Faire diagnosed plaintiff with bipolar disorder and depression and indicated that he had been treating plaintiff on a monthly basis since November 2, 2006.  (A.R. 250.)  Dr. Faire noted that plaintiff:  experienced tremors; was guarded, irritable, violent, and compulsive; and had slowed speech, poor impulse control, a depressed mood, a blunted affect, a tangential and loose thought process, and severely impaired concentration, remote memory, and judgment.  (A.R. 250-52.)  He also found that plaintiff had a "poor" ability to preform the following activities:  understand, remember, and carry out simple and complex instructions; maintain concentration, attention, and persistence; perform activities within a schedule and maintain regular attendance; complete a normal workday and workweek without interruptions from psychologically based symptoms; and respond appropriately to changes in a work setting. (A.R. 253.)

In her decision, the ALJ rejected the "severe to extreme limitations" contained in Dr. Faire's September 13, 2010 form, because the "questionnaire":  (1) "was solicited by [plaintiff]'s representative"; and (2) "[wa]s inconsistent with and not supported by the treatment records, including those written by Dr. Faire."  (A.R. 60.)

The ALJ's first reason for rejecting the opinion of Dr. Faire is unavailing.  As properly noted by plaintiff, absent evidence of actual improprieties, "[t]he purpose for which medical reports are obtained does not provide a legitimate basis for rejecting them," and a doctor's findings are "entitled to no less weight when the examination is procured by the claimant than when it is obtained by the Commissioner."  Lester, 81 F.3d at 832.  As such, the ALJ's reasoning is not legitimate.

///
///

The ALJ's second reason for rejecting the opinion of Dr. Faire is impermissibly conclusory and provides no specific reference to any inconsistencies between Dr. Faire's "questionnaire" and his treatment records or those of any other physician. *See* Regennitter v. Comm'r of SSA, 166 F.3d 1294, 1299 (9th Cir. 1999) (noting that "conclusory reasons will not justify an ALJ's rejection of a medical opinion"); Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988) ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required . . . . The ALJ must do more than offer his conclusions. He must set forth his own interpretation and explain why they, rather than the doctors', are correct."). Further, there are myriad treatment notes that support Dr. Faire's opinion. (*See, e.g.,* A.R. 190 (9/10/09 - increased anxiety with leg shaking); A.R. 191 (8/27/09 - decreased mania but more fearful and anxious); A.R. 193 (6/24/09 - still has mood swings); A.R. 194 (5/20/09 - increased mood instability and medication increase); A.R. 196 (2/11/09 - increased mood swings, depression, anger, and irritability); A.R. 201 (4/16/08 - increased depression); A.R. 204 (1/30/08 - increased irritability and difficulty sleeping); A.R. 214 (4/18/07 - bipolar disorder, moderate depression, and a GAF score of 50-55, indicating moderate to serious symptoms).) Indeed, Dr. Faire's January 24, 2011 form, which the ALJ does not appear to have considered, echoes many of his previous findings and opinions.

Accordingly, for the aforementioned reasons, the ALJ failed to properly reject the opinion of Dr. Faire.[5]

///
///
///

---

[5] Although the Commissioner now offers other reasons to explain the ALJ's rejection of Dr. Faire's opinion, the Court cannot entertain these post hoc rationalizations. *See, e.g.,* Orn, 495 F.3d at 630 ("We review only the reasons provided by the ALJ in the disability determination and my not affirm on a ground upon which he did not reply.").

## II. The ALJ Failed To Consider Properly The Lay Witness's Description Of Plaintiff's Limitations and Daily Activities.

"In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." Bruce v. Astrue, 557 F.3d 1113, 1115 (9th Cir. 2009) (quoting Stout, 454 F.3d at 1053) (internal quotation marks omitted). "[F]riends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to [the claimant's] condition." Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993); 20 C.F.R. § 404.1513(d) ("[W]e may also use evidence from other sources to show the severity of your impairment(s). . . . Other sources include, but are not limited to . . . spouses, parents and other caregivers, siblings, other relatives, friends, neighbors, and clergy."). Such testimony is competent evidence and "cannot be disregarded without comment." Bruce, 557 F.3d at 1115 (quoting Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996) (internal quotation marks omitted)). When rejecting the testimony of a lay witness, an ALJ must give specific reasons that are germane to that witness. Id.

In her decision, the ALJ stated that she had reviewed the statements made by plaintiff's friend, Mary Kathleen Downs, regarding plaintiff's limitations. (A.R. 60.) The ALJ, however, afforded Ms. Downs' statements "little probative weight," because "she is not a medical professional or otherwise qualified to diagnose severe impairments or to assess their effect on [plaintiff]'s ability to perform work-related activities." (Id.)

The fact that Ms. Downs is not a medical professional is not a germane reason for rejecting her statements regarding her observations of plaintiff's limitations. Lay witnesses, by definition, are not medical professionals, and the ALJ's reasoning would lead to a wholesale dismissal of all opinions and/or statements by lay witnesses. "Disregard of [lay witness] evidence violates the Secretary's regulation that he will consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." Dodrill, 12 F.3d at 919 (citations omitted).

Accordingly, the ALJ failed to give any legally adequate reason to reject the lay witness statements made by Ms. Downs.[6]

## III. The ALJ Failed To Provide An Appropriate Reason For Rejecting Plaintiff's Subjective Symptom Testimony.

Once a disability claimant produces objective medical evidence of an underlying impairment that is reasonably likely to be the source of claimant's subjective symptom(s), all subjective testimony as to the severity of the claimant's symptoms must be considered. Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991); *see also* 20 C.F.R. § 404.1629(a) (explaining how pain and other symptoms are evaluated). "[U]nless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each." Robbins, 466 F.3d at 883. The factors to be considered in weighing a claimant's credibility include: (1) the claimant's reputation for truthfulness; (2) inconsistencies either in the claimant's testimony or between the claimant's testimony and her conduct; (3) the claimant's daily activities; (4) the claimant's work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which the claimant complains. *See* Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002); *see also* 20 C.F.R. § 404.1529(c).

After considering the plaintiff's testimony, the ALJ cited no evidence of malingering by plaintiff but concluded that "[plaintiff]'s statements concerning the intensity, persistence and

---

[6] The Commissioner now contends that because the lay witness statements were substantially similar to plaintiff's subjective symptom testimony, and the ALJ gave clear and convincing reasons for rejecting plaintiff's testimony, it follows that the ALJ also gave germane reasons for rejecting Ms. Downs's statements. (Joint Stip. at 19.) However, as set forth *infra*, the ALJ did not provide clear and convincing reasons for rejecting plaintiff's subjective symptom testimony.

10

limiting effects of her symptoms are credible only to the extent that they are consistent with the [RFC]." (A.R. 60.) Given the absence of malingering, the ALJ's reasons for finding that plaintiff is not credible with respect to her subjective symptom testimony must be "clear and convincing."

In her decision, the ALJ rejected plaintiff's subjective symptom testimony, because "her hand tremors at the hearing were so totally different than what was described in the medical evidence that they were somewhat unbelievable." (A.R. 60.) The ALJ, however, provided no citation to the record or described in any detail how plaintiff's hand tremors were "so totally different" than the description in the medical record. As such, and without further detail, this reason cannot constitute a clear and convincing reason for the wholesale rejection of plaintiff's subjective symptom testimony.

Accordingly, in view of the foregoing, and the fact that this case is being remanded for the ALJ to reconsider the opinion of Dr. Faire and the statements of Ms. Downs, which may support plaintiff's subjective complaints and her alleged limitations, the ALJ should reassess plaintiff's credibility. After so doing, the ALJ must either credit plaintiff's subjective symptom testimony or provide clear and convincing reasons why plaintiff's testimony in this respect is not credible.

### IV.  Remand Is Required.

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all

the evidence were properly evaluated, remand is appropriate. *Id.* at 1179-81.

Remand is the appropriate remedy to allow the ALJ the opportunity to remedy the above-mentioned deficiencies and errors. On remand, the ALJ must correct the above-mentioned deficiencies and errors.

## CONCLUSION

Accordingly, for the reasons stated above, IT IS ORDERED that the decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

DATED: March 11, 2014

*Margaret A. Nagle*
_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE